UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINGER SIRI, )<br> )<br> **Plaintiff,** )<br> )<br> v. )<br> )<br> TOWN OF HINGHAM, )<br> DAVID M. JONES and )<br> KERRY T. RYAN, )<br> )<br> **Defendants.** )<br> ) | CIVIL ACTION<br>NO. 21-40138-TSH |

**ORDER ON DEFENDANTS'**
**MOTION TO DISMISS AND MOTION TO ENJOIN**
March 9, 2023

**HILLMAN, S.D.J.**

Plaintiff Siri Ginger, proceeding *pro se* against Defendants Town of Hingham, David M. Jones and Kerry T. Ryan, alleges that the Town conspired with Jones, the Chief of Police[1] for Hingham and Ryan, Hingham's Town Counsel, to make fraudulent criminal charges against her and to falsify criminal records. Jones and Ryan are being sued in their individual capacities. Defendants now move to dismiss Plaintiff's claims pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) and further request that the Court enjoin the Plaintiff from filing further complaints alleging the same set of facts without leave of Court.

**Procedural Background**

The Complaint pending in this Court marks the third time Plaintiff has filed a complaint based on the same events and alleging the same claims against the Defendants. In general, the

---

[1] At the time of the alleged incidents, Jones was an officer.

complaint claims that the Town and its police employee Jones conspired and caused the Plaintiff harm based upon her arrest in 2012. One of the cases was dismissed by the Massachusetts Superior Court on May 12, 2017. The other case was dismissed by the Plaintiff in a Stipulation of Dismissal, with prejudice, which was filed on November 15, 2021.

Here, the Plaintiff included the Town Counsel as a Defendant, alleging that he conspired with Jones. Ryan was involved in separate real estate litigation on behalf of the Town of Hingham with the Plaintiff that resulted in a June 26, 2017, Massachusetts Superior Court Judgment issued against her and an October 13, 2021, order to enforce that 2017 Judgment. Defendants contend that adding Ryan to this iteration of the claim is in retaliation for his prior successful representation of the Town. Defendants argue that the attempt by the Plaintiff to bring the same claims should be dismissed given that it is barred by res judicata, the statute of limitations and several other arguments.

**Background**

The Plaintiff was formerly a resident of Hingham, Massachusetts. The Complaint seeks damages pursuant to 42 U.S.C. § 1983 and alleges that the Defendants "acted with reckless and malice intention, willfully percolate[d] in a joint conspiracy with Town officials to deprive the Plaintiff of a constitutional right acts 'under color of state law' of hate crimes."

The Plaintiff alleges that: "1) the Town policy maker should be held responsible, through actual or constructive knowledge, for enforcing a policy that caused the Plaintiff's claimed injury; 2) the Town must have an official policy which could subject it to [42 U.S.C.] Section 1983 liability; [and] 3) Plaintiff can demonstrate that the Defendants' actions were taken with the requisite degree of culpability, and show a direct causal link between the action and the deprivation of federal rights."

Plaintiff contends that she applied for caregiver jobs in various towns in Massachusetts and was denied employment due to the actions of the Defendants. One of her potential employers informed the Plaintiff that criminal records appeared on her background checks and the Plaintiff could not be hired. The Plaintiff alleges her CORI report contains false information, including felonies, car theft, mortgage fraud, false arrests and false arraignment and attributes this to Jones committing perjury nine times on signed affidavits, the improper authorization of an illegal search warrant by a clerk, coercion of other officers to falsify reports, arrests, and various charges against the Plaintiff, including threatening her ex-husband. Plaintiff further claims that Defendant Jones conspired with Defendant Ryan, who was involved in separate civil proceedings involving the Plaintiff, and alleged that Defendant Ryan coerced Assistant Attorney General John Donnelly to take part in the conspiracy. The Plaintiff also claims damages for the Defendants' creation of false criminal records where Defendants exhibited "negligent and disregards of Plaintiff's federal rights, they caused false information to be registered at CJIS and CORI, their conduct are extreme and outrageous, their misconduct are beyond all bounds of decency." The Plaintiff did not allege any supporting facts or factual basis for her claims.

## Standard of Review

*12(b)(1) Standard*

Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction. "'The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction.'" *Thakkar v. United States*, 389 F. Supp. 3d 160, 171 (D.Mass. 2019), *citing Fábrica de Muebles J.J. Álvarez, Incorporado v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 32 (1st Cir. 2012) (internal citations omitted). "'In ruling on a motion to dismiss for lack of jurisdiction, the court must 'credit the plaintiff's well-pled factual

allegations and draw all reasonable inferences in the plaintiff's favor.'" *Thakkar*, 389 F. Supp. at 171, *citing Sánchez ex rel. D.R.-S. v. United States*, 671 F.3d 86, 92 (1st Cir. 2012) (internal citations omitted). "The 'court may also 'consider whatever evidence has been submitted, such as the depositions and exhibits submitted.'" *Thakkar*, 389 F. Supp. at 171, *citing Merlonghi v. U.S.*, 620 F.3d 50, 54 (1st Cir. 2012) (internal citations omitted).

*12(b)(6) Standard*

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the

*Pro Se Plaintiff*

Plaintiff's *pro se* status "militates in favor of a liberal reading" of his pleading. *See Rodi v. S.New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir.2004). *See also Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997) ("The policy behind affording pro se plaintiff's liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled"). However, Plaintiff's pro se status does not absolve him of having to comply with this Court's procedural and substantive law. *Burnham v. Wyeth Labs. Inc*., 348 F.Supp.3d 109, 111-12 (D.Mass. 2018) (*citing Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## Discussion

*Res Judicata*

The doctrine of res judicata is applicable where the following elements exist: "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related*." Airframe Sys. v. Raytheon Co.,* 601 F.3d 9, 14 (1st Cir. 2010)

The Plaintiff's claims are barred under the doctrine of res judicata. The Plaintiff's Amended Complaint[2], which set forth the same claims, was filed January 5, 2017, in Plymouth Superior Court and resulted in a final judgment on May 12, 2017, when the Court granted Defendants' motion to dismiss. In the Town's civil contempt action against the Plaintiff in 2021, also in Plymouth Superior Court, Plaintiff filed a counterclaim against the Town on October 6,

---

[2] In that case, Plaintiff used the name "Wanpen Florentine AKA Penny Collins" and has also used the following names: Laciga Rachaisri, Penny Collins Siridee, Penny Janachi Collins, Wanpen Janachi Collins, Wanpen Sirikanjanachai and Ginger Sirikanjanachai.

2021. The allegations in the counterclaim are the same as previously filed in the 2017 Complaint and in this action and the Plaintiff voluntarily dismissed her 2021 Counterclaim with prejudice.[3]

"Once there has been an adjudication on the merits, federal law stipulates that all claims which are part of the same cause of action are extinguished, whether or not asserted in the original action." *Andrews-Clarke v. Lucent Techs., Inc.*, 157 F. Supp. 2d 93, 100 (D.Mass. 2001) (*citing Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1164 (1st Cir. 1991), cert. denied, 502 U.S. 816 (1991)). All three elements of the doctrine of res judicata have been satisfied. Accordingly, the Plaintiff's Complaint is barred and will be dismissed.

*Injunction*

Defendant seeks to enjoin Plaintiffs from continued litigation in this court and has requested attorneys' fees and costs for having to defend against this "frivolous" action. "A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation." *Stefanik v. Town of Huntington*, 536 F. Supp. 2d 106, 114 (D.Mass. 2008) (*citing Elbery v. Louison*, 201 F.3d 427, 1999 WL 1295871, at *2 (1st Cir. 1999) (per curiam) (table decision)); see also 28 U.S.C. § 1651 (providing that courts may issue all writs necessary or appropriate in aid of their respective jurisdictions). The Court also has the power to sanction litigants who file pleadings, motions or other papers "for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase in the cost of litigation." *Simon v. Navon*, 71 F.3d 9, 17 (1st Cir. 1995) (citing Fed. R. Civ. P. 11). This determination is left to the Court's "considered judgment." *Id*. *Pro se* plaintiffs are subject to sanctions, but the Court must consider the state of the pro se party's sophistication and experience, or lack thereof, when

---

[3]The voluntary dismissal with prejudice of the 2021 Counterclaim satisfies the judgment requirement for res judicata. *See United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998) ("a voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies the res judicata criterion").

determining the nature and severity of sanctions to be imposed. *See Lefebvre v. Commissioner*, 850 F.2d 417, 42021 (1st Cir. 1987).

"Vexatious conduct occurs where a party's actions are 'frivolous, unreasonable, or without foundation' even without the presence of 'subjective bad faith.' " *Azbuko v. MBNA Am. Bank,* 396 F.Supp. 2d 1, 7 (D.Mass. 2005) (*quoting Local 285, Serv. Emps. Int'l Union v. Nonotuck Res. Assocs., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995)). "Courts in this circuit have repeatedly found that a plaintiff who files multiple frivolous and vexatious lawsuits arising out of the same or similar events can be enjoined from filing further lawsuits without leave." *Clemens v. Town of Scituate*, No. 13-11598-FDS, 2014 WL 12792990, at *6 (D.Mass. June 16, 2014) (collecting cases). However, "[l]itigiousness alone will not support an injunction against a plaintiff." *Otis Elevator Co. v. Int'l Union of Elevator Constructors, Local 4*, 408 F.3d 1, 10 (1st Cir. 2005) (*quoting Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).

In support of their motion, Defendants state that the Plaintiff has several times filed papers with allegations arising out of the same or similar events against identical or substantially similar parties. As outlined by Defendants, the Plaintiff's conduct rises above the level of litigiousness and qualifies as vexatious. Plaintiff's repeated filing of three lawsuits and five pleadings in various courts, concerning Plaintiff's criminal matters from 2012 is an abuse of the process. The most effective way to limit this abuse is to enjoin Plaintiff from filing further *pro se* complaints concerning these same facts without leave from the Court. Plaintiff is advised that failure to comply with the requirements outlined in this Memorandum and Order may result in additional sanctions.

**Conclusion**

Based on the foregoing, it is hereby Ordered

1. Defendant's motion (Docket No. 14) to dismiss is **granted**; and

2. Defendant's motion (Docket No. 19) to enjoin Plaintiff from filing additional claims or actions against Defendant without first obtaining leave of court is **granted**.

3. Ginger Siri, using any persona, name or combination of names, is hereby **enjoined** from filing further documents or lawsuits alleging the same or any similar claims as asserted in the Complaint without leave of the Court. If Ginger Siri seeks to file papers of this nature in this district, she must file a written petition seeking leave to do so. The petition must contain a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for the filing. No Defendant need respond unless ordered to respond by the Court in which the new action is filed.

**SO ORDERED**.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES SENIOR DISTRICT JUDGE